Filed 5/21/14  P. v. Reed CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059705 |
| v. | (Super.Ct.No. RIF1300690) |
| GUY DAVID REED, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Richard Todd Fields, Judge.  Affirmed.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury found defendant and appellant Guy David Reed guilty of assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4); count 1);[1]

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

1

battery inflicting serious bodily injury (§ 243, subd. (d); count 2); and criminal threats (§ 422; count 3). The jury also found true that during the commission of count 1, defendant personally inflicted great bodily injury upon the victim (§ 12022.7, subd. (a)). In a bifurcated proceeding, defendant admitted that he had suffered three prior prison terms (§ 667.5, subd. (b)), one prior serious felony conviction (§ 667, subd. (a)), and one prior serious and violent felony strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)). Defendant was sentenced to a total term of 16 years in state prison with credit for time served. Defendant appeals from the judgment. We find no error and will affirm the judgment.

## I

## FACTUAL AND PROCEDURAL BACKGROUND

On January 27, 2013, an altercation ensued between defendant and the victim, both homeless, inside a McDonald's restaurant in the city of Corona when the victim refused to give defendant money to buy a soda. During the altercation, defendant told the victim, "'I'm going to kick your ass.'" The victim left the McDonald's and walked across the street. Defendant followed the victim with a knife in his hand. Scared, the victim walked to the entrance of the Stater Bros. grocery store and stopped.

Defendant followed the victim, walked by him, and said, "'Fuck you. I'll fuck you up. I'll kill you.'" The victim did not see the knife on defendant at that time, but the victim feared that defendant would hurt him. Defendant walked past the victim, but the victim followed him because the victim was frustrated with defendant for threatening

2

him. As the victim approached defendant, he told defendant "'F you.'" Defendant stopped, got into a boxing stance with his arms up and fists closed, and said, "I'm going to fuck you up." The victim put his hand out in front of him with his palm open and asked defendant, "What the fuck is wrong? Why is this happening?" Defendant then put the victim in a choke hold and punched the victim in the head, leaving the victim in a daze. Defendant then smashed the victim's head into the side of the building.

Several witnesses observed defendant and the victim arguing and fighting near the entrance of the Stater Bros. grocery store. One of the witnesses testified that the victim walked over toward defendant, saying "Let's fight." Some hand gestures were then exchanged; defendant took off his jacket; and the two began fighting. Another witness testified that he saw defendant take the first swing at the victim—a straight jab with a closed fist. Both of the witnesses stated that they saw defendant slam the victim's head into the concrete wall several times and that they heard the sound of the victim's head making contact with the wall. One of the witnesses attempted to stop the fight. Defendant eventually stopped after the witness said the police were coming.

The victim was bleeding profusely and one of the witnesses wrapped his shirt around defendant's head. After the witness alerted Stater Bros. personnel of the situation, an employee called 911.

As defendant left the scene, the other witness followed defendant. The witness saw defendant holding a box cutter pointing downwards in defendant's left hand. At this point, the witness stopped following defendant. Defendant never turned around or threatened the witness.

Officers arrived at the scene and saw blood splatter on the sidewalk and on the wall. The victim was transported to a hospital in an ambulance. At the hospital, the victim was still bleeding from his head. An officer observed that the victim appeared intoxicated and had an odor of alcohol on his breath. The victim had a two-and-a-half inch laceration on his forehead and his skull was visible. The victim required two layers of stitches—about five deep stitches and 20 to 30 on the skin.

 Corporal Ryan Brett of the Corona Police Department located defendant standing outside the McDonald's restaurant with a box cutter in his hand. Defendant appeared "worked up or very excited." Corporal Brett told defendant to put down the box cutter; after questioning why, defendant put the box cutter down. Corporal Brett asked defendant for his identification and if he was involved with the incident at Stater Bros. Defendant replied that he "had some involvement."

Corporal Daniel Hackett of the Corona Police Department interviewed defendant. Defendant appeared agitated and was angry and upset at the victim, and at the witnesses for playing cops. Defendant claimed that the victim had been harassing him all day, and that he (defendant) had taken the first swing, but that neither he nor the victim had hit each other. Defendant stated that while in the headlock, he and the victim tripped and fell

into the wall. Defendant did not state that he was defending himself or that he was afraid of the victim.

On July 1, 2013, an amended information was filed charging defendant with one count of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 1); battery inflicting serious bodily injury (§ 243, subd. (d); count 2); criminal threats (§ 422; count 3); attempted robbery (§§ 664/211; count 4); and exhibiting a deadly weapon other than a firearm (§ 417, subd. (a)). The amended information further alleged that during the commission of count 1, defendant personally inflicted great bodily injury upon the victim (§ 12022.7, subd. (a)). The amended information also alleged that defendant had sustained three prior prison terms (§ 667.5, subd. (b)), one prior serious felony conviction (§ 667, subd. (a)), and one prior serious and violent felony strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).

The jury trial began on July 10, 2013. After the prosecution rested, the trial court granted defendant's section 1118.1 motion to dismiss counts 4 and 5. At the conclusion of trial on July 19, 2013, the jury found defendant guilty of counts 1, 2 and 3. The jury also found true that during the commission of count 1, defendant personally inflicted great bodily injury. In a bifurcated proceeding, defendant admitted that he had suffered three prior prison terms, one prior serious felony conviction, and one prior strike conviction.

On September 6, 2013, the trial court sentenced defendant to a total term of 16 years in state prison with credit of 256 days for time served as follows:  the upper term of eight years for count 1, plus a consecutive three years for the great bodily injury enhancement, plus a consecutive five years for the prior serious felony conviction; the upper term of eight years on count 2 and the upper term of six years on count 3 were stayed pursuant to section 654; and the court struck the three prior prison term enhancements under section 1385.  Defendant appeals from the judgment.

II

DISCUSSION

We appointed counsel to represent defendant on appeal.  After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

6

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ           
P. J.

We concur:


HOLLENHORST     
J.


MILLER         
J.